UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL SCOTT MURRAY,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER "JOHN DOE," *et al.*,<br><br>Defendants. | No. 24-CV-5849 (KMK)<br><br><u>ORDER OF SERVICE</u> |

KENNETH M. KARAS, United States District Judge:

Plaintiff Daniel Scott Murray, who is appearing pro se and is currently incarcerated in the Elmira Correctional Facility, brings this action asserting claims of violations of his federal constitutional rights.  He seeks damages and injunctive relief, and he sues:  (1) "Officer 'John Doe,'" an unidentified Correctional Officer assigned to the Green Haven Correctional Facility ("Green Haven"); (2) Green Haven Superintendent Miller; (3) "Inmate Hanes (19B2105)," who the Court understands to be Richard D. Hanes, a prisoner currently incarcerated in Fishkill Correctional Facility; (4) "Dep of Security," who appears be the Green Haven Deputy Superintendent of Security; (5) the "Warden of Green Haven Correctional Facility"; and (6) Green Haven Correctional Sergeant Fox.

By order dated August 28, 2024, the court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1]  For the reasons discussed below, the Court:  (1) directs service on Superintendent Miller, Hanes, the Deputy Superintendent of Security, and Correctional Sergeant Fox; (2) directs Miller, the Deputy Superintendent of Security, and Fox to comply with Local Civil Rule 33.2; (3) drops the "Warden" from this

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

Action; and (4) directs the Attorney General of the State of New York to provide to Plaintiff and the Court with the identity, shield number, and service address of the unidentified "John Doe" Correctional Officer Defendant.

I.  Discussion

A.  Superintendent Miller, Hanes, the Deputy Superintendent of Security, and Correctional Sergeant Fox

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on (1) Superintendent Miller, (2) Hanes, (3) the Deputy Superintendent of Security, and (4) Correctional Sergeant Fox, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 forms") for those defendants.  The Clerk of Court is further instructed to issue summonses for those defendants, and deliver to the USMS all the paperwork necessary for the USMS to effect service upon those defendants.

If the complaint is not served on those defendants within 90 days after the date that summonses for those defendants have issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued.  The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

2

responsibility to request an extension of time for service, even when relying on service by the USMS).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### B.  Local Civil Rule 33.2

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of service of the complaint, Superintendent Miller, the Deputy Superintendent of Security, and Correctional Sergeant Fox must serve responses to those standard discovery requests.  In their responses, those defendants must quote each request verbatim.[3]

### C.  Dropping the "Warden" Defendant

Under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 619 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice.").  Because the Court understands that Plaintiff's references to Superintendent Miller and to the "Warden of Green Haven Correctional Facility" are to the same defendant (namely, Superintendent Miller), the Court directs the Clerk of Court to drop from this Action the "Warden" defendant, pursuant to Rule 21.

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

3

D.  Unidentified "John Doe" Correctional Officer Defendant

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and a defendant's proper service address.  *See* 121 F.3d 72, 76 (2d Cir. 1997).  In his complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections & Community Supervision ("DOCCS") to provide the identity, shield number, and service address of the unidentified "John Doe" Correctional Officer Defendant; he or she is the Correctional Officer who was assigned to Green Haven's B-Block, 2 Company, during the early morning hours of May 31, 2024, and who, on that date, received a letter from Plaintiff, who was in his Green Haven cell, B-2-218.  It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identity, shield number, and service address of the unidentified "John Doe" Correctional Officer Defendant.  The Attorney General must provide this information to the Court and to Plaintiff within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified individual as a defendant and providing his or her shield number and service address.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendant and directing his or her compliance with Local Civil Rule 33.2.

## II.  Conclusion

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to drop the "Warden of Green Haven Correctional Facility" from this Action, pursuant to Rule 21.

The Court further directs service on Superintendent Miller, Richard D. Hanes (19B2105), the Superintendent of Security, and Correctional Sergeant Fox.

The Court additionally directs the Clerk of Court to:  (1) issue summonses for (a) Superintendent Miller, (b) Richard D. Hanes (19B2105), (c) the Deputy Superintendent of Security, and (d) Correctional Sergeant Fox; (2) complete USM-285 forms with the service addresses for those defendants, and; (3) deliver all documents necessary to effect service on those defendants to the USMS.

The Court directs the Clerk of Court to mail a copy of this order and a copy of the complaint to the Attorney General of the State of New York, at 28 Liberty Street, New York, New York 10005.

An amended complaint form is attached to this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    September 24, 2024
              While Plains, New York

_____
        KENNETH M. KARAS
        United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Superintendent Miller
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

2. Richard D Hanes
   19B2105
   Fishkill Correctional Facility
   271 Matteawan Road
   P.O. Box 1245
   Beacon, New York 12508-0307

3. Deputy Superintendent of Security
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

4. Correctional Sergeant Fox
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

## AMENDED
## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                    State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                             State                   Zip Code

Defendant 2:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                             State                   Zip Code

Defendant 3:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                             State                   Zip Code

Defendant 4:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                             State                   Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____